UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON AND CLAIRE SINGLETON | CIVIL ACTION NO. 2011-00078 |
| VERSUS | SECTION B – JUDGE IVAN L.R. LEMELLE |
| ELECTROLUX NORTH AMERICA, INC. AND ELECTROLUX HOME PRODUCTS, INC. | MAGISTRATE JUDGE KAREN WELLS ROBY |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
ELECTROLUX NORTH AMERICA, INC. AND ELECTROLUX
<u>HOME PRODUCTS, INC., TO PLAINTIFFS' PETITION FOR DAMAGES</u>**

NOW INTO COURT, through undersigned counsel, come ELECTROLUX NORTH AMERICA, INC. and ELECTROLUX  HOME PRODUCTS, INC. (collectively "Electrolux") , which for Answer to PlaintiffS' Petition for Damages ("the Petition"), with respect aver that they deny the allegations contained in the unnumbered paragraph preceding Paragraph 1 of the Petition, for lack of sufficient information to justify a belief therein, further deny all allegations of the Petition which are not specifically admitted herein, and further answer as follows:

**<u>FIRST DEFENSE</u>**

The Petition fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Answering the particular allegations of the Petition, defendants aver:

1.

Defendants deny the allegations contained in Paragraph 1 of the Petition except to admit that Electrolux Home Products, Inc., is a Delaware Corporation.

2.

Defendants deny the allegations contained in Paragraph 2 of the Petition for lack of sufficient information to justify a belief therein.

3.

Defendants deny the allegations contained in Paragraph 3 of the Petition for lack of sufficient information to justify a belief therein.

4.

Defendants deny the allegations contained in Paragraph 4 of the Petition for lack of sufficient information to justify a belief therein.

5.

Defendants deny the allegations contained in Paragraph 5 of the Petition for lack of sufficient information to justify a belief therein except to admit that Frigidaire is a trade name owned and used by Electrolux.

6.

Defendants deny the allegations contained in Paragraph 6 of the Petition insofar as it relates to Electrolux North America, Inc. and deny said allegations for lack of sufficient information to justify a belief therein with respect to Electrolux Home Products, Inc.

7.

Defendants deny the allegations contained in Paragraph 7 of the Petition for lack of sufficient information to justify a belief therein.

8.

Defendants deny the allegations contained in Paragraph 8 of the Petition for lack of sufficient information to justify a belief therein.

9.

Defendants deny the allegations contained in Paragraph 9 of the Petition for lack of sufficient information to justify a belief therein.

10.

Defendants deny the allegations contained in Paragraph 10 of the Petition for lack of sufficient information to justify a belief therein.

11.

Defendants deny the allegations contained in Paragraph 11 of the Petition for lack of sufficient information to justify a belief therein and further deny that the range was defective.

12.

Defendants deny the allegations contained in Paragraph 12 of the Petition for lack of sufficient information to justify a belief therein.

13.

Defendants deny the allegations contained in Paragraph 13 of the Petition, including its subparts a, b, c and d, and further deny that the range was defective.   Defendants further show that the Louisiana Products Liability Act is the exclusive source of any remedy for plaintiffs and deny that Civil Code Articles 2316 and 2317 provide a cause of action to plaintiffs.

14.

Defendants deny the allegations contained in Paragraph 14 of the Petition, including its subparts 1a, 1b, 1c and 1d.   Defendants further show that the Louisiana Products Liability Act is the exclusive source of any remedy for plaintiffs and deny that Civil Code Articles 2475, 2520, and 2545 provide a cause of action to plaintiffs except as allowed by the Louisiana Products Liability Act.

15.

Defendants deny the allegations contained in Paragraph 15 of the Petition.

16.

Defendants deny the allegations contained in Paragraph 16 of the Petition.

17.

Defendants deny the allegations contained in Paragraph 17 of the Petition for lack of sufficient information to justify a belief therein.

18.

Defendants deny the allegations contained in Paragraph 18 of the Petition for lack of sufficient information to justify a belief therein.

19.

Paragraph 19 of the Petition requires no answer, but, to the extent answer is required, the allegations are denied.

20.

Defendants deny the allegations contained in Paragraph 20 of the Petition, including its subparts 1, 2, 3, 4, 5, 6, and 7, and further deny that the range was defective.

21.

Defendants deny the allegations contained in the prayer of the Petition, numbered as Paragraph 21, deny that Plaintiffs are entitled to any of the relief requested therein, and deny that Plaintiffs are entitled to any damages or other relief.

AND NOW, FURTHER ANSWERING, by way of affirmative defense, Electrolux respectfully avers that it asserts and reserves the right to rely upon the following affirmative defenses to the extent supported by evidence or facts now known or later developed or learned, and with reservation of its right to amend or supplement its responses as information is gathered through discovery.

## THIRD DEFENSE

Defendants assert all affirmative defenses which are available to defendants in cases relying upon the Louisiana Products Liability Act and/or the Louisiana Law of Redhibition.

## FOURTH DEFENSE

Defendant Electrolux North America, Inc. shows that it is not a manufacturer, distributor or seller of this product and that plaintiffs do not have a claim against it.  In the event that a voluntary dismissal cannot be obtained, an appropriate motion will be filed.

## FIFTH DEFENSE

Defendants show that the product allegedly manufactured and sold by defendants was not defective and that there was no fault, neglect, or other basis for liability on the part of defendants with respect to the incident sued upon herein.

## FIFTH DEFENSE

Defendants further show that the product allegedly manufactured and sold by defendants was completed and delivered free of any fault or defect; that said product was out of the direction or control of the defendants over a material period of time; and that, during said period of time, defendants had no control over the maintenance, use, or any other aspect of the ownership or control of the product.

## SIXTH DEFENSE

Defendants further show that, if there was any defect or deficiency in the product as of the time of the incident sued upon herein, it did not relate to the original design or manufacture of the product or any procedures undertaken by defendants.

## SEVENTH DEFENSE

The damages alleged in the Petition were caused, in whole or in part, by the acts or omissions of third-parties, for whom defendants are not responsible.

## EIGHTH DEFENSE

The alleged damages are the result of intervening and/or new and independent causes not attributable to either defendant.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by contributory or comparative negligence, potentially including, but not limited to, the following:

(a)    Improper use or misuse of product.

(b)    Use of the product in a manner not reasonably anticipated by defendants.

(c)    Failure to allow defendants to notify defendants of the incident and allow defendants to take part in the inspection of the facility before the scene was changed.

(d)    For any warranty claim, failure to provide timely and proper notice.

(e)    Failure to have appropriate service performed on product.

(f)    Failure to properly maintain product.

(g)    Failure to mitigate damages.

## TENTH DEFENSE

Defendants show that additional facts are likely to be learned during discovery and that, therefore, amendments to its pleadings to conform to said facts, including, but not limited to, assertion of additional affirmative defenses, may be required.

WHEREFORE, ELECTROLUX NORTH AMERICA, INC and ELECTROLUX HOME PRODUCTS, INC., defendants herein, pray that the above and foregoing be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of defendants, Electrolux North America, Inc. and Electrolux Home Products, Inc., and against Plaintiffs, Brandon and Claire Singleton, dismissing the Petition with prejudice or, alternatively, reducing the recovery of Plaintiffs according to law, and at their sole cost.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation


By:   /s Albert M. Hand, Jr.
          Albert M. Hand, Jr. Bar No. 06497
333 Texas Street, Suite 1700 (71101)
PO Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile:  (318) 227-7850
E-mail: al.hand@cookyancey.com

and

Shelley Hammond Provosty (#6482)
LAW OFFICE OF SHELLEY HAMMOND PROVOSTY, LLC.
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
504-299-3464 – Telephone
504-299-3462 – Fax
Email:  sprovosty@shprlaw.com


ATTORNEYS FOR ELECTROLUX NORTH AMERICA, INC. and ELECTROLUX HOME PRODUCTS, INC.


## **CERTIFICATE**

I HEREBY CERTIFY that on this 19th day of January, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Miguel A. Elias

Shreveport, Louisiana this 19th day of January, 2011.


_____/s Albert M. Hand, Jr._____
                OF COUNSEL